Jonathan Gross (NJ 388002022)
Law Office of Jonathan Gross
2833 Smith Ave, Suite 331
Baltimore, MD 21209
Phone: 443-813-0141
Email: jonathansgross@gmail.com
*Attorney for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDREY NEPOMNISHY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YUVIKA INC.,<br><br>Defendant. | Civil Action No.: 26-5027<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff ANDREY NEPOMNISHY, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant YUVIKA INC. ("Yuvika" or "Defendant") to stop its illegal practice of placing unsolicited text messages to the telephones of consumers whose phone numbers were registered on the National Do Not Call Registry, and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. Defendant is a Delaware-based jewelry retailer that markets and sells diamond and gold jewelry through traveling pop-up exhibitions held in hotels and other venues across the United States, and through its online storefront at yuvikajewelry.com. As part of its marketing, Defendant sent unsolicited text messages to consumers whose phone numbers

were registered on the National Do Not Call Registry, advertising its in-person "Mega Diamond and Gold Jewelry Exhibition" events and promotional offers. Defendant operates this telemarketing campaign on a recurring, multi-state basis, sending serial text-message blasts to promote successive one-day pop-up exhibitions in different cities each weekend.

2. Defendant did not obtain prior express written consent before placing these unsolicited text messages, and, therefore, has violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

4. The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

5. The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers belonging to those who object to receiving telephone solicitations. *Id.* § 227(c)(3).

6. By sending unwanted text messages to people who have registered their phone numbers on the National Do Not Call Registry, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented texting, as well as an award of actual and statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff Andrey Nepomnishy is a natural person and a citizen of the State of New Jersey.

9. Defendant Yuvika Inc. is a corporation organized and existing under the laws of the State of Delaware, with Delaware File Number 3660827, formed on September 14, 2020. According to the Delaware Division of Corporations, Defendant's registered agent is Advantage Delaware LLC, 3524 Silverside Road, Suite 35B, Wilmington, DE 19810. Defendant's principal business address, as advertised on its promotional materials, is 3524 Silverside Road, Suite 35Y, Wilmington, DE 19810.

## JURISDICTION AND VENUE

10. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

11. This Court has specific personal jurisdiction over Defendant because Defendant purposefully directed its commercial activities at residents of this District. Specifically, Defendant: (a) caused unsolicited telemarketing text messages to be sent to Plaintiff's New Jersey cellular telephone number; (b) physically traveled to and conducted a one-day commercial pop-up jewelry exhibition in this District on Sunday, April 19, 2026, at the Homewood Suites by Hilton, Edison Woodbridge, 100 Parsonage Road, Edison, NJ 08837 (the "Edison Exhibition"); (c) advertised, solicited customers for, and transacted

business at the Edison Exhibition; and (d) on information and belief, transacts business in New Jersey on a recurring basis through similar in-person traveling exhibitions and through online sales to New Jersey residents via yuvikajewelry.com. The text messages at issue were sent to a New Jersey resident in furtherance of Defendant's commercial activities in New Jersey, including the Edison Exhibition. Plaintiff's claims arise directly out of and relate to Defendant's contacts with this District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District, including: (a) Plaintiff's receipt, in this District, of Defendant's unsolicited text messages; and (b) Defendant's in-person Edison Exhibition, which was the very subject of Defendant's promotional advertising and which was held within the District.

## COMMON FACTUAL ALLEGATIONS

13. Defendant sells diamond and gold jewelry to consumers through traveling pop-up exhibitions held in hotels and other venues, including the Edison Exhibition held in this District on April 19, 2026, and through its website at yuvikajewelry.com.

14. As part of marketing its products and exhibitions, Defendant, or others acting on its behalf, sent unsolicited text messages to consumers, including consumers whose telephone numbers were registered on the National Do Not Call Registry.

15. The text messages were advertisements promoting Defendant's jewelry products and in-person exhibitions, including the Edison Exhibition, and included a promotional flyer featuring offers such as "BEAT THE TARIFF! FINAL CHANCE TO SAVE UP TO 50% AT PRE-TARIFF RATES," "INSTANT GOLD EXCHANGE," "FREE GOLD

COIN WITH A PURCHASE OF $3000 OR MORE," and discounts on diamond pendant sets.

16. Defendant failed to obtain prior express written consent from Plaintiff and the Class before sending these text messages.

17. Defendant also failed to scrub its calling list against the National Do Not Call Registry prior to sending these text messages.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

18. Plaintiff registered his personal cellular telephone number ending in 4805 on the National Do Not Call Registry on August 12, 2005, more than 31 days prior to receiving the alleged text messages.

19. Plaintiff's telephone number is a residential number assigned to a cellular telephone service.

20. Plaintiff's telephone number is not used for commercial purposes.

21. Plaintiff uses his telephone number for personal use.

22. As part of marketing its services, Defendant sent text messages to thousands of consumers without consent.

23. The messages were advertisements for Defendant's jewelry products and Defendant's in-person traveling jewelry exhibitions, including the Edison Exhibition.

24. On April 12, 2026, Plaintiff received an unauthorized text message from telephone number (972) 842-0028. The message identified the sender by name ("YUVIKA

JEWELRY"), advertised Defendant's "Mega Exhibition," promoted offers including "Beat The Tariff! Final Chance to Save Up To 50%," and announced the Edison Exhibition. The text read in pertinent part:

> YUVIKA JEWELRY Mega Exhibition Beat The Tariff! Final Chance to Save Up To 50% EDISON, NJ SUNDAY, APRIL 19TH 11 AM to 07 PM HOMEWOOD SUITES BY HILTON EDISON WOODBRIDGE 100 PARSONAGE RD, EDISON, NJ 08837 https://maps.app.goo.gl/AaUQLH9MYKeqtWZ2A *** Special Financing *** NO INTEREST IF PAID IN FULL IN 12 MONTHS *** Show Special 1 *** 1.21ct, Diamond Pendant Set REGULAR PRICE: $3499 NOW AT: $2499 40K per carat - no making no wastage *** Show Special 2 **** 0.66Ct, Diamond Pendant Set REGULAR PRICE: $2899 NOW AT: $1899 40K per carat - no making no wastage If you need any help or have questions, please call or text us at +1 858 951 7660 To opt-out reply "STOP"

25. On April 29, 2026, Plaintiff received a second unauthorized text message from telephone number (585) 714-6850. The second message used a substantially identical template to the first message, identified the sender as "YUVIKA JEWELRY," advertised Defendant's "Mega Exhibition," and promoted Defendant's next pop-up exhibition in Rochester, New York, scheduled for Sunday, May 3, 2026 (the "Rochester Exhibition"). The text read in pertinent part:

> YUVIKA JEWELRY Mega Exhibition Beat The Tariff! Final Chance to Save Up To 50% ROCHESTER, NY SUNDAY, MAY 3RD 11 AM to 07 PM DoubleTree by Hilton Hotel Rochester 1111 Jefferson Rd, Rochester, NY 14623 https://maps.app.goo.gl/dKAdkS3Sdsuu7GG68 *** Special Financing *** NO INTEREST IF PAID IN FULL IN 12 MONTHS *** Event Special *** Gold Jewelry starting at 190$ per gram *** Show Special 1 *** 1.21ct, Diamond Pendant Set REGULAR PRICE: $3499 NOW AT: $2499 40K per carat - no making no wastage *** Show Special 2 **** 0.66Ct, Diamond Pendant Set REGULAR PRICE: $2899 NOW AT: $1899 40K per carat - no making no wastage If you need any help or have

> questions, please call or text us at +1 858 951 7660 To opt-out
> reply "STOP"

26. Both text messages directed recipients to call or text Defendant at +1 858-951-7660, the same telephone number Defendant publishes on its commercial promotional materials and at the bottom of the Yuvika Jewelry exhibition flyer alongside Defendant's Wilmington, Delaware corporate address.

27. The two text messages, sent 17 days apart and using a substantially identical template, demonstrate that Defendant operates a recurring multi-state telemarketing campaign in which Defendant sends mass text-message blasts each week to advertise its next traveling pop-up jewelry exhibition.

28. The text messages also identified Defendant Yuvika and invited Plaintiff to visit Defendant's website, yuvikajewelry.com, and to attend Defendant's in-person jewelry exhibitions.

29. Plaintiff was harmed by the text messages. Plaintiff was temporarily deprived of legitimate use of his phone. Moreover, these texts injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff. The texts caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

30. Defendant did not have any prior existing business relationship with Plaintiff.

31. Plaintiff did not give Defendant prior express written consent to send marketing text messages.

32. Defendant sent the text messages while knowingly and willfully ignoring the National Do Not Call Registry.

33. No emergency necessitated any of the text messages.

## CLASS ALLEGATIONS

34. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

**DNC Class**. All persons in the United States who: (1) within the four years preceding the filing of this Complaint to the present, (2) received more than one text message within any 12-month period from Defendant or anyone acting on Defendant's behalf, (3) promoting Defendant's goods or services, (4) while their phone number was registered on the National Do Not Call Registry, (5) without their prior express written consent.

35. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and its current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

36. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief,

Defendant sent unsolicited text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

37. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text messages.

38. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

39. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

40. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a. Whether the unsolicited text messages were caused by Defendant;

    b. Whether the unsolicited text messages promoted Defendant's products or services;

    c. Whether Defendant obtained prior express written consent before sending the text messages;

    d. Whether Defendant maintained internal procedures, training, and policies for compliance with the TCPA's Do Not Call provisions; and

    e. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendant's conduct.

41. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be

preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions ensured.

## CAUSE OF ACTION

### Violation of 47 U.S.C. § 227(c)
### Do Not Call Provision
### (On behalf of Plaintiff and the DNC Class)

42. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43. The telephone numbers of Plaintiff and the Class are registered on the National Do Not Call Registry.

44. Defendant sent unsolicited text messages to Plaintiff's and the Class members' DNC-registered telephones without having their prior express written consent to do so.

45. Defendant's actions constitute violations of 47 U.S.C. § 227(c) of the TCPA by initiating telephone solicitations to residential telephone numbers listed on the National Do Not Call Registry. *See* 47 C.F.R. § 64.1200(c)(2).

46. Defendant's text messages were made for the commercial purpose of selling jewelry products to consumers and promoting Defendant's in-person jewelry exhibitions.

47. Plaintiff and each Class member are entitled to an award of at least $500 in damages for each such violation pursuant to 47 U.S.C. § 227(c)(5)(B), or up to $1,500 per violation if the violation is knowing or willful, pursuant to 47 U.S.C. § 227(c)(5).

48. Plaintiff also seeks a permanent injunction prohibiting Defendant from making telemarketing solicitations to telephone numbers listed on the National Do Not Call Registry.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ANDREY NEPOMNISHY, individually and on behalf of the Class, prays for the following relief:

f. An order certifying the Class as defined above, appointing Plaintiff as the Class representative, and appointing his counsel as Class Counsel;

g. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(c) of the TCPA;

h. An order declaring that Defendant's actions, as set out above, violate the TCPA willfully and knowingly;

i. An injunction requiring Defendant to cease all unlawful text messages without first obtaining the text recipients' prior express written consent;

j. An award of actual damages and/or statutory damages and penalties;

k. An award of reasonable attorneys' fees and costs; and

l. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: May 5, 2026

Respectfully submitted,

By: /s/ Jonathan Gross
Jonathan Gross (NJ 388002022)
Law Office of Jonathan Gross
2833 Smith Ave., Suite 331
Baltimore, MD 21209
Phone: 443-813-0141
Email: jonathansgross@gmail.com

Mark L. Javitch (California SBN 323729)*
Javitch Law Office
3 East 3rd Ave., Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*

* *pending Pro Hac Vice admission*